IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
AT ALBUQUERQUE

OCT 01 1993

ROBERT M. MARCH
CLERK

RAMAH NAVAJO CHAPTER,

      Plaintiff,

    -vs-

MANUEL LUJAN, Secretary of the
Interior; EDDIE BROWN, Assistant
Secretary of the Interior;
MARVIN PIERCE, Chief of the
Office of Inspector General,
U. S. Department of the Interior;
and the UNITED STATES OF AMERICA,

      Defendants.

No. CIV 90-0957 LH/RWM

## MEMORANDUM OPINION

THIS MATTER came on for consideration of Plaintiff's
Motion to Certify Class Under Rule 23, filed on August 21, 1991
(Docket No. 31).  Plaintiff seeks to certify as a class all
Indian tribes and organizations contracting under the Indian
Self-Determination and Education Assistance Act (25 U.S.C. § 450)
(the "Act") with the Bureau of Indian Affairs ("BIA"), who
receive or are entitled to receive contract support funding based
on indirect cost rates negotiated through the office of the
inspector general.  Having reviewed the positions of the parties
and the applicable law, the Court concludes that the motion is
well taken and shall be granted.

Plaintiff claims that the BIA has failed to provide
statutorily mandated indirect costs to Plaintiff in an amount set
forth in Section 450j-1 of the Act.

Defendants resist the motion for class certification. Defendants' principal objection is that although Plaintiff has exhausted its administrative remedies and is therefore properly before this Court, the claims of Plaintiff as representative party are not typical of the proposed class members. Specifically, Defendants argue that there is no showing that the members of the class to be certified have exhausted their administrative remedies under the Act. Defendants contend that unless the administrative remedies have been exhausted by each of the members of that class that they may not be included in the class. The theory is that the exhaustion of administrative remedies is jurisdictional and that if the remedies have not been exhausted, the Court's action regarding the class would be without jurisdiction.

The Indian Self-Determination Act provides that the United States District Court shall have concurrent jurisdiction with the United States Court of Claims over any civil action or claim against the BIA for money damages arising out of self-determination contracts authorized by the Act. The Act also provides that the Contract Disputes Act, 41 U.S.C. § 601, et seq., shall apply to disputes concerning self-determination contracts. The claims being brought by Plaintiff relate to a self-determination contract with the BIA, and it is clear that the Contract Disputes Act applies to this case. Thus, decisions relating to the Contract Disputes Act are instructive in

determining whether the exhaustion of remedies under that statute is a jurisdictional prerequisite to an action in this Court.

A review of the decisions of the Court of Claims or its successor, the United States Claims Court, and appeals therefrom, make clear that when a government contractor wishes to seek relief in connection with the performance of his contract, he must first submit a claim to the agency contracting officer and receive an opinion from that official. The completion of these steps is a jurisdictional prerequisite to the filing of a complaint relative to the claim in the Court of Claims. *Thoen v. United States*, 765 F.2d 1110 (Fed. Cir. 1985); *W. W. Schlosser Co. v. United States*, 705 F.2d 1336 (Fed. Cir. 1983).

Plaintiff contends, however, that even if exhaustion of administrative remedies is a jurisdictional prerequisite, certification may still be granted if it would be futile for the potential class members to complete those jurisdictional prerequisites. The Court notes that Plaintiff has not cited, nor could it locate, any case decided under the Contract Disputes Act where exhaustion of remedies was waived as having been futile. This is not dispositive, however.

In *Association for Community Living in Colorado v. Romer*, 992 F.2d 1040 (10th Cir. 1993), a case decided under the Individuals with Disabilities Education Act ("IDEA"), the Tenth Circuit Court of Appeals concluded that a claimant under the IDEA need not exhaust its remedies if exhaustion would be futile or would fail to provide adequate relief, or where an agency has

-3-

adopted a policy or pursued a practice of general applicability that is contrary to the law. *Id.*, 992 F.2d 1040, 1044.

"Administrative remedies are generally inadequate or futile where plaintiffs allege structural or systemic failure and seek systemwide reforms." *Id.*

The *Romer* case, along with the Supreme Court's decision in *Honig v. Doe*, 484 U.S. 305 (1988) are instructive. The Court notes that Plaintiff's action does not concern a typical contract dispute wherein issues of performance need be addressed. If that were the case, the purposes behind exhaustion of administrative remedies would require that the contract claim first be brought to the attention of an agency contracting officer.[1] Instead,

████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████ In such a case as this, exhaustion of
administrative remedies is not required.

In light of the above, it is not necessary that each member of the proposed class exhaust its administrative remedies under the Contract Disputes Act. ████████████████████

---

[1] In *Romer*, the Court noted that exhaustion of administrative remedies under the IDEA serves the following important purposes: "(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decisions by giving the agency the first opportunity to correct any error." *Romer*, 992 F.2d 1040, 1044 (quoting *Hayes v. Unified Sch. Dist. No. 377*, 877 F.2d 809, 812 (10th Cir. 1989) (decided under the Education of the Handicapped Act).



An order in accordance with this memorandum opinion
shall be entered.

UNITED STATES DISTRICT JUDGE

For Plaintiff:

Mr. Michael P. Gross
Roth, Vanamberg, Gross,
  Rogers & Ortiz
Post Office Box 1447
Santa Fe, New Mexico  87504-1447

For Defendants:

Mr. John W. Zavitz
Assistant U. S. Attorney
U. S. Attorney's Office
District of New Mexico
Post Office Box 607
Albuquerque, New Mexico  87103-0607

-5-