IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RAMAH NAVAJO CHAPTER,** and
other similarly situated entities,

              Plaintiffs,

vs.                                                          No. CIV 90-0957 LH/WWD

**BRUCE BABBITT**, Secretary of the
Interior; **EDDIE BROWN**, Assistant
Secretary of the Interior; **MARVIN
PIERCE**, Chief of the Office of
Inspector General, U.S. Department
of the Interior; and **THE UNITED
STATES OF AMERICA**,

              Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Show Cause and For an Injunction to Control Defendants' Communications to the Class (Docket No. 304), filed August 3, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion is not well taken and will be **denied**.

### INTRODUCTION

Plaintiff Class seeks a preliminary injunction and contempt sanctions against Defendant Kevin Gover, the Assistant Secretary of the Interior for Indian Affairs, and the Defendant United States Department of the Interior in response to what the Class characterizes as "improper and misleading communications with members of the Class and other breaches of contract and fiduciary duties in

1

violation of specific covenants in the Partial Settlement Agreement of August 31, 1998 . . . ." (*See* Mot. Show Cause at 1.) Specifically the Class complains that the Defendant Department and Defendant Gover sent a "Tribal Consultation Letter" to all tribal leaders, including leaders of all of the members of the Class. This consultation letter addressed issues fundamental to this lawsuit and the Partial Settlement Agreement (PSA), including the means by which the Government should reimburse tribes for their indirect costs incurred under their Self-Determination Act contracts and the so-called Judgment Fund issue. Plaintiff Class contends that this violates Rule 23 of the Federal Rules of Civil Procedure, this Court's Order which incorporated the PSA, and "the Assistant Secretary's duties as a contractor and a trustee of the Class." (*See* Mot. Show Cause ¶ 16.)

The Plaintiff Class seeks extraordinary relief from this Court. The motion seeks to prevent Assistant Secretary of Indian Affairs Kevin Gover from communicating with the Class and from giving certain testimony before and making particular recommendations to the Congress of the United States. The Class's request is not extraordinary merely because of the remedies sought, but because of whom the Class seeks to silence. The Class fails to fully recognize the unique status and responsibilities of the Defendants and seeks relief which would undermine the careful balance and separation of powers enumerated in the Constitution. This Court cannot—and will not—usurp the powers of the Judicial Department's co-equal branches. The motion of the Plaintiff Class will be denied.

### COMMUNICATIONS WITH CLASS AND MOTION TO SHOW CAUSE

In their motion the Class seeks an order to show cause directing the Assistant Secretary to demonstrate why he should not be held in contempt for violating the Court's Order adopting the PSA and for communicating with members of the Class without the consent of their counsel. (*See* Mot.

2

Show Cause at 9.) Plaintiffs seek an injunction barring further communication with the Class and a directive to the Defendants to carry out their responsibilities under the PSA. In their memorandum in support of the motion Plaintiffs seek more specific relief, including a correction of some of the prior communications, restrictions on future communications with the class, and directing the "Defendants to correct any damage the June 23rd materials may have caused by notifying all recipients and Congress that the mailing violated the rules pertaining to class actions and the Order of the Court." (*See id*.)

After the Class filed its motion the Defendants requested and received further clarification from Class Counsel on what immediate relief the Class sought. Class Counsel sent a letter making this clarification and attaching a revised form of Order. *See* Letter from Gross to the Court of August 4, 1999. In that revised form of Order, Plaintiff Class seeks, *inter alia*, to have Defendant Gover enjoined from communicating with the Class on any issues pending in this case; prevented from further compilation or dissemination of his June 23, 1999, mailing; enjoined from forwarding his plan to Congress; and ordered to notify any Member of Congress who is in receipt of the plan that the proposal is "suspended by order of the Court." In essence, the revised proposed Order would grant immediate injunctive relief which would prevent the Executive Branch from communicating its legislative proposals and would constrain Congress from considering or enacting Mr. Gover's proposal "by order of the Court." Such an order, if issued, would fundamentally undermine the doctrine of separation of powers.

Plaintiffs justify their extraordinary, even revolutionary, request by asserting that Defendant Gover has been grossly deceptive in his communications in an effort to mislead members of the Class to gain their support for his legislative proposal. (*See* Mot. Show Cause ¶¶ 8-12.) The Class asserts

3

that Defendant Gover's communication violated the Federal Rules of Civil Procedure, this Court's Orders, and the Defendant's own trustee responsibilities. Specifically, the Class asserts that Defendant Gover has violated Rule 23 of the Federal Rules of Civil Procedure, paragraphs 11e and 11d of the Partial Settlement Agreement which was incorporated in the Judgment of this Court on May 14, 1999 (Docket Nos. 284, 285), and an Order entered by this Court on September 22, 1998, which is entitled "Parties' Stipulated Order Regarding Equitable Relief." Upon closer inspection, however, it is clear that the Plaintiffs' Motion is built upon a house of cards.

Plaintiffs make strong and repeated statements that Defendant Gover has violated the Federal Rules of Civil Procedure and this Court's orders and should be required to show cause why he should not be held in contempt. However, Rule 23, while granting this Court broad discretionary power over class actions creates no explicit rule against communicating with a class, either by the Defendant or its counsel. *See* FED. R. CIV. P. 23(d) (granting broad authority to impose conditions on class action litigation). Courts have used that power to impose limitations on communications, however, no such limitations have, heretofore, been imposed in this litigation. *See Gulf Oil v. Bernard* 452 U.S. 89 (1981).

Plaintiffs make much of the Defendants' agreement in the PSA to "take *actions* to support *reasonable* efforts to minimize or eliminate" the impact of the Judgment Fund issue and that they will not pay back the Judgment Fund unless required by law to do so. (*See* PSA ¶¶ 11d; 11e (emphasis added).) However, to argue that these very general policy statements, even when read in conjunction with Rule 23, "forbid . . . defendant's counsel . . . and defendants themselves from contacting class members on pending issues" is disingenuous. (*See* Mem. Supp. Mot. Show Cause at 3.) Likewise, there is simply nothing in the Parties' Stipulated Order Regarding Equitable Relief (Docket No. 199),

4

filed September 22, 1998, which could be construed to restrict the Defendants' communications with the Class. Plaintiffs admit as much when they note that the PSA sets out the parties differing views on the resolution of the equitable claims and "acknowledg[es] that the issue was not resolved by the PSA." (*See* Mot. Show Cause ¶ 5.) The Court cannot conclude that Defendant Gover has been specifically or even generally prohibited from contacting the Class by either of these Orders.[1] Nor can it be reasonably argued that the PSA prevents Assistant Secretary Gover from exercising his discretion in making alternative recommendations for the *political* resolution of the contract support issue which is at the heart of this litigation.

While at first blush the Plaintiffs' arguments that Defendant Gover is interfering with counsel's relationship with the Class appears to have some merit, it is clear that the Assistant Secretary's unique role and his relationship with the tribal entities which make up the class are sufficient to distinguish the authority the Class cites. (*See* Defs.' Resp. at 9-11 and Decl. Kevin Gover.) The Class's concern about these communications is not unjustified. *See e.g. Rankin v. Board of Education of the Wichita Public Schools*, 174 F.R.D. 695, 697 (D. Kan.1997) (noting potential abuse if defendants were permitted to directly lobby prospective members of a class). However, this litigation does not 'merely' involve the First Amendment Rights of private parties or even the authority of state or local governments. The relationship between the United States and tribal governments would be seriously compromised if the Court were to impose even limited restrictions on those government to government communications. (*See* Defs. Resp. at 10 (citing Exec. Order No. 13,084, 63 FR 27655

---

[1] Obviously, had Defendants counsel engaged in this direct communication with the Class, ethical constraints might have been implicated. However, as Defendants note, Mr. Gover was acting only in his official capacity and not as an attorney when he communicated with members of the class.

(1998).) Even the authority cited by the Plaintiffs acknowledges that judicial intervention is only justified "on 'a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties' [and that] this weighing should result in a carefully drawn order that limits speech as little as possible . . . ." MANUAL FOR COMPLEX LITIGATION at 233-34 (3rd ed. 1995). This Court cannot conclude that any limitation on the ability of the Executive Branch to exercise its responsibility to discuss its legislative proposals—even those contrary to the sprit of the PSA—with the tribal governments of this nation is justified or even permissible. Having concluded that there is no basis to find that the Defendants have violated any rule or order of this Court nor any reason to restrict the ability of the Defendants to communicate with the Class, the Court will deny the Motion for an Order to Show Cause.

### **IMMEDIATE INJUNCTIVE RELIEF SOUGHT**

Even assuming, *arguendo*, that Defendant Gover had violated some provision against communicating with the Class, the Court would be unable to impose the injunctive relief sought by the Plaintiff Class. Defendants correctly note that the Plaintiff Class "only conclusory argued the traditional four-part test for preliminary injunctive relief." (*See* Def. Opp. Mot. Show Cause at 1, n.1.) The Tenth Circuit has unequivocally held that a preliminary injunction may issue *only* if the movant has sufficiently established that there is a substantial likelihood of success on the merits, that they will suffer irreparable injury if the injunction is not granted, that the injury outweighs any harm that the preliminary injunction will cause to the Defendants, and that the preliminary injunction is in the public interest. *See SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991) (citing *Otero Savings & Loan Ass'n. v. Federal Reserve Bank*, 665 F.2nd 275 (10th Cir. 1981)). Other than the conclusory sentence in their memorandum in support of their motion, Plaintiffs make

6

no effort to comply with this requirement. (*See* Mem. Supp. Mot. Show Cause at 16.) This alone is a sufficient basis upon which to deny the request for injunctive relief. *See SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d at 1098. Moreover, the alleged injury—legislation which would not fully fund the indirect costs of the Class's contracts—is "speculative and remote, and if caused, would be created by Congressional legislation—not action taken by the defendant agencies." *Natural Resources Defense Council v. Lujan*, 768 F.Supp. 870, 879 (D.D.C. 1991) (citing *Wingfield v. Office of Management and Budget*, 9 Env't Rep. Case. 1961 (D.D.C. 1977)).

Finally, as noted above, the Court also has serious concerns about the constitutional ramifications of the Class's proposed injunction. This Court will not infringe upon the Executive's "constitutional power to present [its] recommendations for legislation to the Congress." *Chamber of Commerce of the United States v. Department of Interior*, 439 F.Supp. 762, 767 (D.D.C. 1977) (citing U.S. CONST., ART. II, SEC. 3; *Wingfield*, 9 Env't Rep. Case. at 1963). As the Tenth Circuit has held, "it would thwart every constitutional canon for this court to order an arm of the Executive Department to demand action by the Legislative Department." *Smith v. United States*, 333 F.2d 70, 72 (10th Cir. 1964). The Class's proposal is even more revolutionary than merely ordering the Executive to not communicate with or to demand some action from the Legislature. The proposed form of Order attempts to prevent Congress from *enacting* or even considering the Department's plan by "suspending" it "by order of the Court." There is no authority which would justify such a complete abdication of the separation of powers doctrine. These are political questions reserved for the Executive and Legislative Departments; they are not matters within the province of the Judicial Department. *See Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 215 (1974) (holding "the presence of a political question suffices to prevent the power of the federal judiciary

from being invoked by the complaining party").

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Show Cause and For an Injunction to Control Defendants' Communications to the Class (Docket No. 304), filed August 3, 1999, **is denied**.

_____
**UNITED STATES DISTRICT JUDGE**