IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**RAMAH NAVAJO CHAPTER**,
**OGLALA SIOUX TRIBE**, and
**PUEBLO OF ZUNI**, for themselves
and on behalf of a class of persons
similarly situated,

      **Plaintiffs**,

vs.                                                     **No. 90 CV 957 JAP/KBM**

**SALLY JEWELL**, Secretary of the
Interior, *et al*.,

      **Defendants**.

## UNOPPOSED ORDER APPROVING BANKING ARRANGEMENTS FOR CLASS FUNDS

On April 25, 2016, the Plaintiff Class through Class Counsel filed an UNOPPOSED MOTION FOR APPROVAL OF BANKING ARRANGEMENTS FOR CLASS FUNDS. (Doc. No. 1352). Defendants took no position on that motion.

Under the FINAL SETTLEMENT AGREEMENT (FSA) (Doc. No. 1306-1), which the Court approved on February 23, 2016, Class Counsel are required to establish and administer a Designated Account into which the Settlement Amount will be deposited and from which the Settlement Amount will be disbursed. After negotiations with several other banks, Class Counsel have chosen Huntington National Bank (Huntington) a national bank which has served in this capacity for

1

many class action funds in coordination with the Settlement Administrator previously approved by the Court (Doc. No. 1332) to handle the class funds. The Class Representatives have approved this choice.

The Court has reviewed the FSA, the Motion, and the exhibits thereto, and finds that the choice of Huntington and the arrangements set out in the Motion and in the exhibits thereto are in the best interest of the Class and are consistent with the requirements of the FSA.

IT IS ORDERED that

1. The UNOPPOSED MOTION FOR APPROVAL OF BANKING ARRANGEMENTS FOR CLASS FUNDS (Doc. No. 1352) is granted.

2. The Court authorizes Class Counsel to execute the Custody Agreement attached as Exhibit B to that Motion and such other documents (including those attached to that Motion as Exhibits) as may be required to effectuate this Order.

4. All Class Funds shall be placed in an irrevocable trust in the Trust Department of Huntington National Bank (Huntington), a "Designated Bank" as defined in the Final Settlement Agreement (FSA), for the benefit of the Class.

5. Class Counsel will direct Huntington to place $4,000,000 of the settlement funds in a Reserve Account as specified in the FSA, which shall be a subaccount of the Designated Account at Huntington.

6. Class Counsel will direct Huntington to deposit as much of the remaining money as Class Counsel deems practical in other Designated Banks in a

manner that will ensure all deposited funds are protected by federal deposit insurance.  In this regard, Class Counsel is authorized and directed to allocate the funds for each such deposit in a manner that is other than pro rata, so that no class member's beneficial interest in any bank deposit exceeds the $250,000 federal deposit insurance limit. To the extent that any of the settlement funds cannot be placed in deposits that are fully insured, those funds are to be invested in Treasury investments, which include the Federated Treasury Obligations Fund and United States Treasury debt instruments.

7. All interest or other earnings from the deposits and investments of the settlement funds shall be swept into the Reserve Account.

8. Class Counsel may direct Huntington to place Reserve Account funds in Treasury investments, as described above, until such funds are required for payment of expenses as permitted by the FSA. Class Counsel may deposit Reserve Account funds in a deposit account at Huntington for payment of expenses and may deposit funds from the Treasury investments into that account when and to the extent necessary to pay expenses.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
(With Consent of the Parties)